UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21220-CIV-ALTONAGA

**CRAIG VANNESS**,

    Plaintiff,

v.

**EVIL EMPIRE CRIMINAL ENTERPRISE**,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Craig Vanness's [42 U.S.C. section] 1983 Civil Right[s] Complaint [ECF No. 1], filed on March 13, 2025.[1] Because Plaintiff is proceeding *pro se* and has not paid the required filing fee (or filed a motion to proceed *in forma pauperis*), the screening provisions of 28 U.S.C. section 1915(e) apply. The statute requires dismissal "at any time" if the Court "determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (alterations added). Upon initial screening, the Court finds that the Complaint must be dismissed.

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted). Plaintiff neither signed nor dated the Complaint, nor does it bear an institutional stamp indicating when it was handed to prison officials for mailing; thus, the Court relies on the docketing date. *See Nelms v. Sec'y, Dep't of Corr.*, No. 11-cv-1610, 2013 WL 531110, at *1 n.2 (M.D. Fla. Feb. 12, 2013).

***Background***.  Plaintiff, who is detained at the Monroe County Jail, purports to bring a class action[2] under 42 U.S.C. section 1983. (*See* Compl. 1).[3] His one-page, handwritten allegations are brief, hardly comprehensible, and convoluted.  As the Court perceives it, Plaintiff sues Defendant — the amorphous "Evil Empire Criminal Enterprise" — on behalf of unnamed plaintiffs diagnosed with syphilis and mental illness. (*See id.*).  He accuses Defendant of using a form of "electronic torture" that creates sexually transmitted diseases ("STD"), defames people, and "oppresses" them "by illegal means." (*Id.*).  Plaintiff seeks over ten million dollars for, among other things, every STD test ever administered, every mental illness diagnosis, and every pill prescribed in treatment. (*See id.*).

As detailed below, Plaintiff is a serial filer and no stranger to this District.  His repeated filings justify dismissal of the present case under the "three-strikes" rule of 28 U.S.C. section 1915(g).  Moreover, the Complaint is patently frivolous.  Consequently, Plaintiff will be ordered to show cause why the Court should not restrict his filing privileges based on his well-documented history of abusive litigation in this District.  The Court explains.

***Three-Strikes***.  To begin, Plaintiff is a "three-striker" under 28 U.S.C. section 1915(g) and therefore must prepay the entire filing fee before the Court can consider the Complaint.  The Prison Litigation Reform Act states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[2] Under the Prison Litigation Reform Act, 28 U.S.C. section 1915(b), *pro se* prisoners cannot file class action lawsuits.  *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

28 U.S.C. § 1915(g). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (citation omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court "must procedurally dismiss without prejudice the claim[s] of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee[.]" *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) (alterations added), *abrogated on other grounds by Wells v. Brown*, 58 F.4th 1347 (11th Cir. 2023). Further, "[a] three-striker cannot pay the filing fee after initiating suit as a retroactive cure." *Brown v. Fla. Dep't of Corr.*, No. 21-cv-20142, 2021 WL 199698, at *1 (S.D. Fla. Jan. 20, 2021) (alteration added; citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)).

A review of Plaintiff's litigation history reveals he has accumulated at least three "strikes" under section 1915(g). Before he initiated this case, Plaintiff filed four meritless lawsuits while incarcerated which were dismissed as frivolous or for failure to state claims upon which relief could be granted. (*See Vanness v. Monroe Cnty. Jail*, No. 25-cv-10007, Order Dismissing Case [ECF No. 3] 2 filed Jan. 28, 2025 (S.D. Fla. 2025) (finding "Plaintiff's pleading is clearly frivolous and must be dismissed"); *Vanness v. Acoustic Fingerprint*, No. 25-cv-10016, Order of Dismissal [ECF No. 4] 1 filed Feb. 25, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint "as frivolous pursuant to 28 U.S.C. [section] 1915A" (alteration added)); *Vanness v. Monroe Cnty. Jail Booking Officers*, No. 25-cv-10015, Order on Screening [ECF No. 3] 6 filed Feb. 18, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint "pursuant to 28 U.S.C. [section] 1915(a)(1) for failure to state a claim upon which relief can be granted" (alteration added)); and *Vanness v. Monroe Cnty. Sheriff's Off.*, No. 25-cv-10014, Order Dismissing Case [ECF No. 3] 1 filed Feb. 19, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint as frivolous)).

Because Plaintiff is a three-striker, the Court must dismiss Plaintiff's Complaint without prejudice unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Vague and conclusory allegations of being in imminent danger of serious physical injury "do not satisfy the dictates of [section] 1915(g)." *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (alteration added). A prisoner must be under imminent danger of serious physical injury "at the time he filed his complaint[]." *Smith v. Clemons*, 465 F. App'x 835, 836 (11th Cir. 2012) (alteration added; citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)). Plaintiff makes no attempt to allege imminent danger (*see generally* Compl.), so he cannot avail himself of the exception to the three-strikes rule. *See Daker v. Comm'r of Ga. Dep't of Corr.*, No. 19-11449, 2022 WL 2813248, at *1–2 (11th Cir. July 19, 2022).

In sum, Plaintiff's Complaint must be dismissed because he is subject to the three-strikes rule, has not prepaid the filing fee, and does not meet the imminent danger exception. *See White*, 947 F.3d at 1379–80.

***Frivolous***. The Complaint is clearly frivolous and compels dismissal on this basis, as well. The screening provisions of 28 U.S.C. section 1915 authorize courts to dismiss claims "at any time if the court determines [the action] is frivolous[.]" 28 U.S.C. § 1915(e)(2) (alterations added). A complaint is "frivolous" where the factual allegations are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such factual allegations include those "describing fantastic or delusional scenarios," *id.* at 328; or those that "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008) (affirming district court's *sua sponte* dismissal of a complaint with prejudice because plaintiff's "allegations were clearly baseless and without arguable merit in

4

fact"). "[T]he frivolousness determination is a discretionary one[.]" *Denton*, 504 U.S. at 33 (alterations added; citations omitted).

Plaintiff's claims are undoubtedly baseless. He explains that Defendant consists of "[h]ospitals" in a nebulous "criminal enterprise" employing a system of "electronic torture" responsible for mental and sexually transmitted illnesses. (Compl. 1 (alteration added)). Plaintiff alleges Defendant knowingly permits the "build up" of "heavy metals" in the blood of patients with syphilis and gonorrhea. (*Id.*). Defendant also uses an "A.I. algorithm" that "conquers and d[i]vides people" by "defaming their character[s]" and "oppresses people by illegal means." (*Id.* (alterations added)). As a result, "[a]ll victims of electronic torture [are] labeled by society" and "use drugs to escape the oppression." (*Id.* (alterations added)). At their expense, an "evil empire" has formed, which Plaintiff calls "the drug pushers in the sky[.]" (*Id.* (alteration added)).

Self-evidently, Plaintiff's allegations are removed from reality and "reflect the thoughts of a paranoid and/or delusional individual." *Taylor v. Wardworth*, No. 07-cv-281, 2007 WL 1266363, at *2 (M.D. Ala. Apr. 30, 2007). Thus, the Complaint is also dismissed as frivolous.

***Restricted Filer Status***. In recent months, Plaintiff has bombarded this District with a flurry of lawsuits. In addition to the instant case, Plaintiff has filed *27* civil actions, most of which courts dismissed as frivolous or for failure to state claims for relief:

1. *Vanness v. Glass*, No. 24-cv-24776, Order Dismiss[ing] Complaint . . . [ECF No. 5] 3 filed Dec. 20, 2024 (S.D. Fla. 2024) (dismissing Plaintiff's complaint as "a quintessential shotgun pleading").

2. *Vanness v. Kelley*, No. 24-cv-24777, Order [ECF No. 8] 1 filed Jan. 2, 2025 (S.D. Fla. 2025) (affirming dismissal of Plaintiff's complaint for failure to state a claim upon which relief could be granted).

3. *Vanness v. First Appearance Judge*, No. 24-cv-24778, Order Dismissing Case [ECF No. 5] 2 filed Dec. 17, 2024 (S.D. Fla. 2024) (dismissing Plaintiff's complaint where he "fail[ed] to allege a plausible claim for deprivation of his civil rights under [section] 1983" (alterations added; citation omitted)).

5

4. *Vanness v. NCIC*, No. 24-cv-10101, Paperless Order [ECF No. 15] filed Feb. 3, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's amended complaint "for failure to prosecute").

5. *Vanness v. Glass*, No. 24-cv-10102, Order Dismissing Complaint . . . [ECF No. 5] 1 filed Dec. 26, 2024 (S.D. Fla. 2024) (dismissing Plaintiff's complaint "under 28 U.S.C. [section] 1915(e)(2)(B)(ii) as a shotgun pleading and for failure to state a claim for relief" (alteration added)).

6. *Vanness v. Mariners Hosp.*, No. 24-cv-10103, Paperless Order [ECF No. 9] filed Feb. 28, 2025 (S.D. Fla. 2025) (dismissing the case for the parties' failure to file a joint scheduling report).

7. *Vanness v. Blank*, No. 24-cv-10104, Order Dismissing Complaint . . . [ECF No. 5] 1 filed Dec. 27, 2024 (S.D. Fla. 2024) (dismissing Plaintiff's complaint "under 28 U.S.C. [section] 1915(e)(2)(B)(ii) as a shotgun pleading and for failure to state a claim for relief" (alteration added)).

8. *Vanness v. Glass*, No. 24-cv-10105, Paperless Order Consolidating Cases [ECF No. 9] filed Dec. 27, 2024 (S.D. Fla. 2024) (consolidating case with Case No. 24-cv-10101).

9. *Vanness v. Kerner*, No. 24-cv-10106, Order Dismissing Case [ECF No. 5] 3 filed Jan. 6, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint for failure to state "any claims upon which relief can be granted").

10. *Vanness v. Nevada*, No. 25-cv-20548, Order Dismissing Complaint . . . [ECF No. 3] 1 filed Feb. 7, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint for failure "to pay the fee or file a motion to proceed *in forma pauperis*").

11. *Vanness v. Lovelady*, No. 25-cv-20671, Order of Dismissal [ECF No. 3] 1 filed Feb. 25, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint "as frivolous pursuant to 28 U.S.C. [section] 1915A" (alteration added)).

12. *Vanness v. Musk*, No. 25-cv-21200, Complaint [ECF No. 1] filed Mar. 13, 2025 (S.D. Fla. 2025) (pending).

13. *Vanness v. Monroe Cnty. Jail*, No. 25-cv-10007, Order Dismissing Case [ECF No. 3] 1 filed Jan. 28, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint as frivolous).

14. *Vanness v. Fla. Dep't of Law Enf't*, No. 25-cv-10013, Order of Dismissal [ECF No. 4] 5 filed Feb. 18, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint on immunity principles and for failure "to provide sufficient factual allegations").

15. *Vanness v. Monroe Cnty. Sheriff's Off.*, No. 25-cv-10014, Order Dismissing Case [ECF No. 3] 1 filed Feb. 19, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint as frivolous).

16. *Vanness v. Monroe Cnty. Jail Booking Officers*, No. 25-cv-10015, Order on Screening [ECF No. 3] 4–5 filed Feb. 18, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint for failure to state a claim upon which relief could be granted).

17. *Vanness v. S. Fla. Hosp.*, No. 25-cv-10019, Order of Dismissal [ECF No. 3] 1–2 filed Feb. 24, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint for failure to pay the Clerk's filing fee or apply to proceed *in forma pauperis*).

18. *Vanness v. Lt. Salter*, No. 25-cv-10012, Order of Dismissal [ECF No. 5] 5 filed Feb. 19, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint "pursuant to 28 U.S.C. [section] 1915A(b)(1) for failure to state a claim" (alteration added)).

19. *Vanness v. Criminal Enter.*, No. 25-cv-21218, Complaint [ECF No. 1] filed Mar. 13, 2025 (S.D. Fla. 2025) (pending).

20. *Vanness v. Acoustic Fingerprint*, No. 25-cv-10016, Order of Dismissal [ECF No. 4] 1 filed Feb. 25, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint "as frivolous pursuant to 28 U.S.C. [section] 1915A" (alteration added)).

21. *Vanness v. Lee Cnty. Sheriff's Off.*, No. 25-cv-21193, Order [ECF No. 3] 5, 5 n.4 filed Mar. 18, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint under the three-strikes provision of 28 U.S.C. section 1915(g) and "for failure to state a claim upon which relief can be granted").

22. *Vanness v. Shasta Cnty.*, No. 25-cv-21203, Order Dismissing Complaint . . . [ECF No. 3] 1 filed Mar. 14, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint under the three-strikes provision of 28 U.S.C. section 1915(g)).

23. *Vanness v. Megan's Law*, No. 25-cv-21212, Order Dismissing Complaint [ECF No. 3] 1 filed Mar. 18, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint under the three-strikes provision of 28 U.S.C. section 1915(g)).

24. *Vanness v. CIA Agency*, No. 25-cv-21215, Order Dismissing Complaint . . . [ECF No. 3] 4 filed Mar. 19, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint for failing to pay the Clerk's filing fee or apply to proceed in forma pauperis and because Plaintiff is a "repeat filer of frivolous suits").

25. *Vanness v. Artificial Intel.*, No. 25-cv-21217, Order Dismissing Complaint . . . [ECF No. 3] 1 filed Mar. 18, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint for failure to pay the Clerk's filing fee or apply to proceed *in forma pauperis*).

26. *Vanness v. Nevada*, No. 25-cv-21213, Order of Dismissal [ECF No. 3] filed Mar. 19, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint under the three-strikes provision of 28 U.S.C. section 1915(g), failure to meet the requirements of Federal Rule of Civil Procedure 8, and failure to pay the Clerk's filing fee or apply to proceed *in forma pauperis*).

27. *Vanness v. Holy Grail of Med.*, No. 25-cv-21219, Order Dismissing Complaint . . . [ECF No. 3] 1 filed Mar. 17, 2025 (S.D. Fla. 2025) (dismissing Plaintiff's complaint under the three-strikes provision of 28 U.S.C. section 1915(g)).

The Court is "authorized to restrict access to vexatious and abusive litigants" like Plaintiff. *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015) (citation omitted); *see also Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (recognizing federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions" (citation omitted)). Further, such litigants only require "fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing." *Daker v. Owens*, No. 22-12830, 2024 WL 2796400, at *6 (11th Cir. May 31, 2024) (quotation marks omitted; quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 n.14 (11th Cir. 2022)); *see also Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1311 (11th Cir. 2021) (explaining "[d]ue process requires that the [litigant] be given fair notice that his conduct may warrant sanctions and the reasons why" (alterations added; quotation marks and citation omitted)).

Before Plaintiff filed the instant case, he was repeatedly cautioned by other Judges in this District that his abusive and frivolous filings could lead to sanctions restricting his filing privileges. (*See Vanness v. Lovelady*, No. 25-cv-20671, Order of Dismissal 1 n.1 (warning Plaintiff the court "will restrict his filing privileges if he continues to file frivolous actions" (citation omitted)); *Vanness v. Monroe Cnty. Jail*, No. 25-cv-10007, Order Dismissing Case 1 n.2 (same (citation omitted)); *Vanness v. Monroe Cnty. Sheriff's Off.*, No. 25-cv-10014, Order Dismissing Case 1 n.1 (same (citation omitted)); *Vanness v. Acoustic Fingerprint*, No. 25-cv-10016, Order of Dismissal 1 n.1 (same)). Plaintiff is thus "very familiar" with the warning that his conduct could result in

8

sanctions and that the "sanctions may include a filing injunction." *Daker*, 2024 WL 2796400, at *6.  Yet, Plaintiff has remained undeterred.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Complaint **[ECF No. 1]** is **DISMISSED without prejudice**.

2. Plaintiff has until **April 3, 2025** to **SHOW CAUSE** why he should not be sanctioned based on his aforementioned history of abusive, frivolous filings.  Sanctions include adding Plaintiff to the list of restricted filers in the Southern District of Florida and ordering the Clerk not to accept further filings from Plaintiff unless he (1) pays the filing fee; (2) affirms under oath that he is in imminent threat of serious physical injury; (3) is represented by counsel; or (4) obtains leave of court to file.

3. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 20 day of March, 2025.

*[signature]*
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   Plaintiff, *pro se*